IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                                                PLAINTIFF

v.                                            Case No. 3:12-CV-03078

UNITED STATES DEPARTMENT OF
LABOR/OSHA; and HILDA SOLIS,
United States Secretary of Labor                                                                       DEFENDANTS

**O R D E R**

      Currently before the Court is the Report and Recommendation (Doc. 5) filed in this case on July 25, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. The objection period has passed without objections being filed by either party.[1] Plaintiff did, however, file a Response on September 6, 2012, to a Report and Recommendation filed in another of his pending cases. (Doc. 8, Case 3:12-cv-03113-PKH). That Report and Recommendation, as in this case, recommended that Plaintiff's request to proceed *in forma pauperis* be denied based on Plaintiff's history of bringing unmeritorious litigation before this Court.

      The Court will address Plaintiff's Response filed in case 3:12-cv-03113-PKH as if it had been filed to object to the Report and Recommendation in the instant matter, notwithstanding the fact that no objections were filed in this case. Having reviewed Plaintiff's objections, the Court finds that Plaintiff's objections offer neither law nor fact that would require departure from the

---

[1] The Court notes that, subsequent to the entry of the Report and Recommendation in this case, Mr. Adams did ask the Court on August 10, 2012, in case 3:12-cv-03076-PKH, to "withdraw every APA claim" he had filed with this Court, including the instant matter. (Doc. 4, ¶ 8, case 3:12-cv-03076-PKH). He withdrew that request just 13 days later on August 23, 2012. (Doc. 5, case 3:12-cv-03076-PKH).

Report and Recommendation of the Magistrate. Mr. Adams objects to the Magistrate's recommendation that he be denied leave to proceed *in forma pauperis* due to the volume and frivolity of his filings. The Court has tried to parse through Mr. Adams's Response and give it due attention and will attempt to respond to his objections as comprehensively as possible.

In his Response, Mr. Adams states that his "complaints alleged a valid cause of action with an itemized prima facie that can't be disputed." (Doc. 8, p. 2, Case 3:12-cv-03113-PKH). However, three of Mr. Adams's cases have previously been dismissed on the merits (3:09-cv-03054, 3:11-cv-03020, 3:10-cv-03028), and another was largely dismissed on the merits with any remaining claims being voluntarily nonsuited by Mr. Adams (3:11-cv-03021). In five other cases, Mr. Adams filed a complaint, only to nonsuit his claims shortly thereafter (3:11-cv-03059, 3:12-cv-03028, 3:12-cv-03058, 3:12-cv-03076, 3:12-cv-03012), which nevertheless required the attention of the Court and the expenditure of the Court's time and resources. Furthermore, Mr. Adams's claims, though given due regard and attention by the Court, consist of largely unsubstantiated allegations and/or conspiracy theories. The Court has nevertheless parsed through his filings, in every case, in an attempt to construe any viable claims which might be allowed to proceed. In no case, however, has it been clear to the Court from Mr. Adams's initial filing that he has an indisputable prima facie case based on a valid cause of action. Rather, the Court has occasionally found that certain allegations were sufficient to preclude dismissal of some of Mr. Adams's claims at the earliest stages of litigation.

Mr. Adams argues that any statutes of limitations should not apply to *pro se* litigants or should be equitably tolled. Mr. Adams states that he "is a pro se litigant who doesn't know the laws, rules and procedures of the court." *Id.* at p. 7. First, the Court is unable to ascertain the relevance

of any statute of limitations argument to the issue at hand of whether Mr. Adams should be allowed to proceed *in forma pauperis*. Second, Mr. Adams's claimed ignorance of the law and rules does not excuse him from compliance with the Court's rules and directives. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.") "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam).

      Mr. Adams argues that in filing motions, he was not abusing the process, but "was only trying to save the lives of his family members who were dying due to a lack of justice." (Doc. 8, p. 8, Case 3:12-cv-03113-PKH).  Mr. Adams has filed numerous motions in this District.  By the Court's count, Mr. Adams has filed 17 civil complaints in this District over the past three years, since August 4, 2009, with 8 cases currently pending at this time.  According to the Court's best calculation, Mr. Adams has filed 139 Motions, 10 of which remain pending at this time.  That number does not include the numerous supplements, notices, or requests Mr. Adams has filed over the past three years, which have likewise required the Court's attention.  Mr. Adams has filed six appeals to the Eighth Circuit, two petitions for writs of mandamus, and one petition for a writ of certiorari from the Supreme Court – all of which have been dismissed or denied.  Mr. Adams has previously been allowed to proceed *in forma pauperis* in this District in six different cases, three of which remain pending (3:10-cv-03117, 3:10-cv-03120, and 3:11-cv-03043), two of which have been dismissed on the merits (3:09-cv-03054, 3:11-cv-03020), and one of which was largely dismissed on the merits with the remaining claims being voluntarily dismissed by Mr. Adams (3:11-cv-03021).  There is currently a Report and Recommendation pending in case number 3:10-cv-03117 recommending that

case be dismissed on the merits. Mr. Adams voluntarily dismissed five of his filed complaints before the Court could make a determination on whether *in forma pauperis* status should be granted (3:11-cv-03059, 3:12-cv-03028, 3:12-cv-03058, 3:12-cv-03076, 3:12-cv-03012). The Court has has dismissed one of Mr. Adams's cases on the merits upon initial review of his Complaint and before *in forma pauperis* status was either granted or denied (3:10-cv-03028). Mr. Adams currently has five cases in which he has a pending request to be granted leave to proceed *in forma pauperis* (3:12-cv-03077, 3:12-cv-03078, 3:12-cv-03083, 3:12-cv-03113, 3:12-cv-03092). Mr. Adams has filed numerous duplicative motions,[2] as well as numerous motions and cases which he later moved to withdraw or dismiss, the examples of which would be too lengthy to list herein.

At each turn, the Court has attempted to focus and direct Mr. Adams, but the Court is not responsible for making Mr. Adams's claims for him. In denying or granting a motion, the Court has explained its reasons for doing do. Mr. Adams continues, however, to raise many of the same issues which have previously been addressed by the Court, although apparently not to Mr. Adams's satisfaction. Although Mr. Adams's subjective intent in filing his pleadings may not have been to abuse the process, but rather to "save the lives of his family members," the fact remains that his filings have nevertheless amounted to an abuse of the Court's time and resources, due to the fact that the content of the pleadings is largely frivolous and lacking in foundation, and the filings are often not made in accordance with the Court's rules and directives. In other words, the Court does not

---

[2] *See, e.g.*, case 3:09-cv-03054, in which he filed a Motion for Recusal (Doc. 73) and later Motion to Withdraw the Motion for Recusal (Doc. 94); another Motion for Recusal (Doc. 150) which was denied (Doc. 151); and another Motion for Recusal (Doc. 169), which was set for a hearing at which the Court heard argument from Mr. Adams and Judge Hendren explained why he was denying the Motion. In that same case, Mr. Adams filed four Motions requesting injunctive relief on the same day (Docs. 75-78), which is not to mention the various other motions for injunctive relief filed in that case on other days.

believe that it has been Mr. Adams's intent to abuse the process, but his filings have been abusive regardless of his intent.

Mr. Adams argues that he wanted to resolve "all of the issues in one complaint with Tyson Foods, the EEOC and other federal agencies engaged in illegal conduct and to possibly challenge being placed onto the Patriot Act watchlist <u>and the court informed Adams to file additional complaints</u>." *Id.* (emphasis in original). Mr. Adams also argues that the Court denied him the ability to pursue both FOIA and APA claims in a single action, saying "the court required Adams to file more complaints despite Adams [sic] pleas." *Id.* at p. 9. Mr. Adams states that he "realized the difficulty of filing numerous APA claims, for himself and the court, so he filed one Bivens action against all of the parties," but when the Court took no action on his claims for two to four weeks, he "withdrew the case believing the court wanted him to file APA claims." *Id.* at p. 11. Mr. Adams states that "the court appears to want Adams to file separate claims for each party." *Id.* at p. 13. The Court, contrary to what Mr. Adams may believe, does not rule according to the personal preferences of each individual judge. Rather, each federal judge is responsible for applying federal law in accordance with the Federal Rules of Civil Procedure as well as the Local Rules for the Western District of Arkansas. The Court is confined by the applicable law and the applicable rules in each case. Any rulings that the Court has made in any of Mr. Adams's cases have been made as a result of a deliberative application of the law and the rules of procedure to the facts of each case. The reasons for those decisions have been set out in each case and ruling, and the Court will not restate them herein. Furthermore, the Court cannot, and would not, require Mr. Adams to file a complaint in any case. Rather, the Court has ruled, where appropriate, that certain claims cannot properly be joined in a single action. It is Mr. Adams's responsibility to determine if he believes he has a valid

claim to bring in any case that would justify filing a separate complaint with this Court.

Mr. Adams argues that he is "overwhelmed with the impossible task of trying to decipher terrorist laws, file a suitable complaint and understand the mind of the Honorable Judges trying to figure out what they want him to do." *Id.* at p. 12.  Mr. Adams alleges that "the courts dismiss his claims because they don't meet the secret standards of the court Adams isn't aware of." *Id.*  Mr. Adams also takes issue with any characterization of his claims as "malicious."  Mr. Adams states that "[i]t appears Adams is filing too much evidence in support of his claims and the court feels this is malicious." *Id.* at p. 20.  He further claims that "the court won't compromise to help Adams file adequate pleadings with the court to satisfy their mysterious unwritten rules" and states that "[t]he court needs to somehow assist Adams with better communication of exactly what they want him to do." *Id.* at pp. 20, 21.  First, the Court does not believe that Adams has had a subjectively malicious intent in filing any of his cases.  The fact remains, however, that – as noted by the Magistrate – Mr. Adams's filings are largely frivolous and "are repetitive with the obvious effect of burdening the office of the Clerk and other members of the Court staff." (Doc. 5, p. 2) (quoting *Zatcov. California*, 502 U.S. 16 (1991) (internal quotation omitted)).  Second, the Court does not operate according to "secret" or "mysterious unwritten" rules.  The Court operates, procedurally, according to the Federal Rules of Civil Procedure and the Local Rules for the Western District of Arkansas.  There is a link to the Local Rules on the website for the United States District Court for the Western District of Arkansas,[3] and the Federal Rules of Civil Procedure are likewise available for public access online through various sources.[4]  Substantively, the Court applies the law as mandated by legislation passed

---

[3] www.arwd.uscourts.gov

[4] *See, e.g.*, www.law.cornell.edu/rules/frcp/.

by Congress and, where available and appropriate, as previously interpreted by higher courts. Mr. Adams has cited extensively to cases in his various pleadings, and therefore does not seem to have any lack of access to substantive law resources. In addition, the Court has attempted to provide Mr. Adams with controlling or persuasive legal precedent, rules, or statutes when ruling on any motions or other issues he has raised.

      Finally, Mr. Adams claims that he "has proven the executive violated the law and the Constitution to unlawfully place him onto the Patriot Act;" that "the court has denied every plea to obtain his Constitutional rights leaving Adams open to being entrapped with a crime;" that "the militia is being used to deprive Adams of natural rights;" that "Adams has federal investigators in his home wiretapping . . . and they may even have cameras monitoring us within and outside our home, ultra vires;" that "his whole life has been illegally searched and seized;" that "Adams is being punished as guilty" without "rights to a speedy and public trial, nor informed of the nature of the crime he committed and is unable to obtain counsel or witnesses in his favor;" and that "we have no ability for bail," among numerous other grievances. (Doc. 8, pp. 13-16, Case 3:12-cv-03113-PKH). Mr. Adams also alleges that "[t]he court secretly issued an order for a special prosecutor to investigate Adams instead of the parties who were harming Adams as he requested." *Id.* at 17. First, the Court has no knowledge as to any facts that might substantiate the above allegations. In his various pleadings, Mr. Adams points to what he believes and alleges is evidence proving certain of his grievances. The Court has not seen, however, actual evidence, as opposed to mere allegations or theories, that Mr. Adams has been unlawfully placed on a Patriot Act watch list, entrapped for a crime, the victim of a militia, wiretapped, monitored, illegally searched or seized, or "punished as guilty." The Court has no knowledge or evidence that Mr. Adams is currently being investigated or

prosecuted for any crime. The Court acknowledges that Mr. Adams firmly believes in the truth of his allegations. A firm belief in one's personal version of the truth, however, is not evidence upon which a Court may affirmatively act absent substantiating proof.

In a hearing in case 3:09-cv-03054, Judge Marschewski admonished Mr. Adams that "I think you've kind of abused the process with just multiple, multiple filings" and "are inundating the court system with what the Court feels is a lot of these were unnecessary motions." (Doc. 144, p. 42, case 3:09-cv-03054). Subsequently, Judge Marschewski entered an Order (Doc. 139, p. 3, case 3:09-cv-03054) that stated "[t]he court finds [Mr. Adams] has abused court process by these filings and by filing multiple documents raising the same issues." Since that time, Mr. Adams has filed 16 cases and many more unnecessary motions. Although the Court acknowledges that Mr. Adams fervently believes otherwise, it has appeared to the Court that the majority of Mr. Adams's pleadings are frivolous in the sense that the factual contentions are largely baseless and the facts alleged often "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Mr. Adams had notice of the Magistrate's Report and Recommendation and an opportunity to response or object. Mr. Adams filed a response in another of his pending cases, which the Court has treated as a response to the Report and Recommendation in this case as well. The Court finds that Mr. Adams's objections have not shown any sufficient cause for why the Magistrate's Report and Recommendation should not be adopted and his application for leave to proceed *in forma pauperis* denied.

Therefore, because of Mr. Adams's history of continuous, frivolous, and vexatious filings, and for all the reasons set forth above, the Court finds that the Report and Recommendation is proper

and should be and hereby is **ADOPTED IN ITS ENTIRETY**.  Accordingly, for the reasons stated herein and in the Magistrate Judge's Report and Recommendations, IT IS ORDERED that Mr. Adams's IFP application is DENIED, and Mr. Adams is ordered to tender the filing fee of $350.00 by Friday, November 9, 2012.  Should Plaintiff fail to comply by that deadline, his Complaint <u>will be dismissed for failure to obey a court order</u>.

   IT IS SO ORDERED this 26th day of October, 2012.

                    /s/ P. K. Holmes, III
                    P.K. HOLMES, III
                    CHIEF U.S. DISTRICT JUDGE